**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Russell Johnson, | ) | CV-11-8150-PCT-LOA |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

This case arises on Plaintiff's untimely second motion for an extension of time to file his opening brief. (Doc. 26) Plaintiff's counsel represents that Commissioner's counsel has no objection and "requests an extension of 6 days, until July 18, 2012, to file her Opening Brief, due to our heavy workload at this time and incorrectly calendaring the due date." (*Id*.)

This Social Security appeal was filed on September 21, 2011. (Doc. 1) The September 27, 2011 scheduling order required Plaintiff to file an opening brief "[w]ithin sixty (60) days from the filing of the answer and record." (Doc. 6) On March 23, 2012, the Commissioner filed a certified copy of the administrative transcript. (Doc. 23) On May 24, 2012, the Court granted Plaintiff a thirty day extension to file Plaintiff's opening brief because "Attorney Hansen, a sole practitioner with no regular staff, has four briefs due to the Arizona Court of Appeals and the Arizona Industrial Commission." Plaintiff was ordered to file his opening brief on or before Friday, June 22, 2012. On July 12, 2012, three weeks beyond the court-ordered deadline to file an opening brief, Plaintiff filed the pending motion.

Plaintiff's motion was neither timely filed nor does it demonstrate good cause to grant the motion under Rule 6(b)(1)(A), Fed.R.Civ.P. It does, however, demonstrate counsel's excusable neglect pursuant to Rule 6(b)(1)(B). Excusable neglect is meant to be an "elastic concept and is not limited strictly to omissions caused by circumstances beyond control of the movant." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993); *see also Pincay v. Andrews*, 389 F.3d 853, 854 (9th Cir. 2004) (the court found excusable neglect where an attorney delegated calendar duties to a paralegal, who ultimately misread the Federal Rules and calendared a deadline incorrectly.).

Although the Court is reluctant to grant Plaintiff's request for another enlargement of time in light of the age of this case, the deadline in the scheduling order, and the prior extension given to Plaintiff, in the interests of resolving the issues raised in the Petition on the merits, the Commissioner having no objection, and the Commissioner will suffer no prejudice if the motion were granted, the Court finds excusable neglect to grant Plaintiff's request. There will not be, however, additional extensions granted to Plaintiff to file his opening brief and the Clerk will be directed to dismiss this appeal without prejudice if Plaintiff's opening brief is not filed **on or before Wednesday, July 18, 2012.**

In the interests of justice,

**IT IS ORDERED** that Plaintiff's Second Unopposed Motion to Extend Time to File Opening Brief, doc. 26, is **GRANTED**. Plaintiff shall file his opening brief, in full compliance with the Local Rules, **on or before Wednesday, July 18, 2012.**

**IT IS FURTHER ORDERED** that if Plaintiff does not file his opening brief on or before **Wednesday, July 18, 2012**, the Clerk is kindly directed to dismiss this appeal without prejudice and further order of the Court.

Dated this 13th day of July, 2012.

_____
Lawrence O. Anderson
United States Magistrate Judge