**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Russell Johnson,<br><br>            Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>            Defendant. | No. CV-11-8150-PCT-LOA<br><br>**ORDER** |

      This case arises on the Court's review of Plaintiff's Opening Brief, filed on July 18, 2012. (Doc. 28)

      Plaintiff's brief was timely filed based on the Court's most recent and reluctant extension of time in which to file the brief, despite Plaintiff's three-week untimely request for an extension of time, and failure to establish good cause, doc. 27. Nevertheless, Plaintiff's brief does not comply with the Local Rules of Practice for the District Court of Arizona ("LRCiv") 16.1(d) regarding the length of the brief. The Court's July 13, 2012 Order specifically directed that "Plaintiff shall file his opening brief, *in full compliance with the Local Rules*, **on or before Wednesday, July 18, 2012**." (Doc. 27 at 2) (italics added).

      LRCiv 16.1(d) provides, in relevant part, that "[u]nless otherwise ordered by the Court, the opening and answering briefs may not *exceed twenty five (25) pages, including any statement of facts*, with the reply brief limited to eleven (11) pages." (emphasis added). The Court acknowledges that LRCiv 16.1 was modified, effective December 1, 2011;

however, Plaintiff's brief does not comply with the September 27, 2011 scheduling order, the prior rule, or the current rule.

The Ninth Circuit has "explain[ed], yet again, the importance of following a district court's local rules. 'District courts have broad discretion in interpreting and applying their local rules.'" *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983)). Local rules have "the force of law." *Hollingsworth v. Perry*, ___ U.S. ___, 130 S.Ct. 705, 710 (2010) (citation omitted). They "are binding upon the parties and upon the district court, and a departure from local rules that affects substantial rights requires reversal." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted).

"It is well established that a district court has the authority to dismiss an action if a plaintiff fails to prosecute her case or comply with court orders." *Hinton v. Astrue*, 2012 WL 2389948, * 2 (D. Ariz. June 25, 2012) (dismissing social security appeal for delay in filing opening brief) (citing Rule 41(b), Fed.R. Civ.P.; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (trial court has authority to dismiss for lack of prosecution in order to prevent undue delay in disposing pending cases and avoiding congestion in court calendars). A district court may also dismiss an action for failure to comply with a local rule. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal[,]" citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)). Moreover, Rule 16(f)(1)(C) permits the court to sanction a party who "fails to obey a scheduling or other pretrial order." Rule 16(f)(1)(C), Fed.R.Civ.P.

Federal Rule of Civil Procedure 41(b) provides that "[i]f a plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it . . . ." Under Rule 41(b),Fed.R.Civ.P.,[1] the court must consider the following five

---

[1] "[The plain language of Rule 41(b) suggests that such dismissals may only result from a defendant's motion, . . . the consensus among our sister circuits, with which we agree,

- 2 -

1 factors before dismissing an action for failure to prosecute: (1) the public's interest in
2 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
3 prejudice to the defendants; (4) the public policy favoring the disposition of cases on their
4 merits; and (5) the availability of less drastic sanctions. *Malone v. United States Postal Serv.*,
5 833 F.2d 128, 130 (9th 1987); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1 (9th Cir. 1992).

6       Dismissal is a harsh sanction. Because neither Plaintiff nor his counsel has been
7 specifically warned that dismissal of this appeal was a possible sanction for failure to comply
8 with prior court orders, and the Court has not previously sanctioned Plaintiff for non-
9 compliance, this case will not be dismissed at this time for failure to comply with prior court
10 orders and the Local Rules. *See United States v. National Med. Enters., Inc.*, 792 F.2d 906,
11 912 (9th Cir. 1986) ("The district court abuses its discretion if it imposes a sanction of
12 dismissal without first considering the impact of the sanction and the adequacy of less drastic
13 sanctions.").

14       As a result of Plaintiff's blatant disregard of the District Court's Local Rules and
15 cavalier disrespect for the Court's prior orders, the Court will impose a lesser sanction.
16 Plaintiff's Opening Brief will be stricken from the record. Plaintiff shall have until Monday,
17 July 30, 2012 to file an Opening Brief in full compliance with all of the Court's rules and
18 orders.

19       **IT IS ORDERED** that Plaintiff's Opening Brief, filed on July 18, 2012, doc. 28, is
20 hereby **STRICKEN** without prejudice for failure to comply with prior court orders and
21 LRCiv 16.1(d).

22       **IT IS FURTHER ORDERED** that Plaintiff shall re-file his Opening Brief on or
23 before **Monday, July 30, 2012,** which must not exceed twenty five (25) pages, including any

---

25
26 is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."
*Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005)
27 (citations omitted).

28

- 3 -

1  statement of facts, and comply in all other respects with this Order and the Local Rules,
2  including LRCiv 16.1, or additional sanctions will be imposed against Plaintiff or his
3  counsel, including the dismissal of this social security appeal with prejudice.
4       Dated this 20th day of July, 2012.

*Lawrence O. Anderson*
United States Magistrate Judge